IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOE D. ROBISON                                                                                 PLAINTIFF

V.                                               CIVIL ACTION NO. 2:23-cv-00131-TBM-RPM

MATTHEW JOSEPH NICAUD d/b/a
PRECISION ROOFING AND CONSTRUCTION                          DEFENDANT

**COMPLAINT**

Plaintiff Joe Robison files his Complaint against Matthew Joseph Nicaud d/b/a Precision Roofing and Construction as follows:

**I.
PARTIES**

1. Plaintiff Joe D. Robison ("Robison") is a resident of Hattiesburg, Lamar County, Mississippi.

2. Defendant Matthew Joseph Nicaud ("Nicaud") is an adult resident citizen of Summerdale, Alabama. Nicaud may be served with process at 14675 Ridge Road, Summerdale, Alabama 36580-4268, or wherever he may be found.

3. At the time of the events in question, Nicaud was doing business in the name of Precision Roofing and Construction; however, no such entity had been formed or authorized by the Mississippi Secretary of State to do business in the State of Mississippi.

**II.
JURISDICTION AND VENUE**

4. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because plaintiff Robison and defendant Nicaud are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

5. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in Lamar County, Mississippi,

## III.
## FACTS

6. Robison is the owner of a house located at 51 Spencer Cove, Hattiesburg, Mississippi.

7. On or about July 21, 2021, Robison engaged Nicaud, who was doing business as Precision Roofing and Construction, to remove and replace the home's roof (including an existing flat roof on the back porch of the home) and to replace skylights.

8. Precision Roofing and Construction filed papers with the Mississippi Secretary of State to become a limited liability company during March 2023; however, it was not an entity recognized in the State of Mississippi at that time. Accordingly, Nicaud is individually responsible for its work and contractual obligations.

9. Robison made full payment to Nicaud for the work that was supposed to be performed at the home; however, the work was never fully completed.  For example, Nicaud never replaced some of the skylights that were in need of repair or replacement.

10. Nicaud sent unqualified people to the home.  Upon information and belief, the first project lead was later terminated for poor workmanship (and later imprisoned).

11. As a result of the defective work, numerous leaks in the roof resulted from Nicaud's work, and numerous brown spots emerged on the inside of the roof as an indication that additional leaks were imminent.

12. In fact, leaks that had not been previously experienced in the home began to appear only a few months after Nicaud abandoned his work, thereby causing significant water damage to the home and its interior.

13. An inspection of the roof revealed no less than seven locations where water was penetrating the roof and dropping onto the ceiling of the home's second floor.

14. Robison repeatedly requested Nicaud to visit the home and make repairs; however, he consistently avoided doing so, only going so far as to ultimately send another person in his place many months after being requested to attend.

15. Nicaud's failure and refusal to visit the home and efforts to delegate his obligations to others caused significant problems with the home.

16. Robison afforded Nicaud ample opportunity to remedy his breaches of contract, negligence, and defective work and to otherwise honor his warranty obligations; however, Nicaud failed and refused to take advantage of these opportunities. Instead, he dodged and avoided requests for assistance and, when he did respond, offered only hollow excuses for his failures in an effort to shift blame onto other supposed causes, none of which had been an issue before he worked on the home.

17. Rather than remedy his defective work, Nicaud attempted to mischaracterize the damage as being previously-existing. Notably, these allegations were not made until over a year after he left the property. Moreover, these assertions had never been previously raised by him or any of the potential purchasers who visited the home during this intervening period.

18. To mitigate his damages and prevent further destruction to the home's interior, Robison was required to have the entire roof replaced by another roofer after giving Nicaud ample opportunity to honor his obligations.

19. Robison suffered significant financial loss as a result of Nicaud's failures.

## IV.
## CAUSES OF ACTION

**A.  BREACH OF CONTRACT**

20. Robison incorporates by reference the allegations of the above-numbered paragraphs.

21. Nicaud entered into a valid and binding agreement with Robison to install a roof of good and workmanlike quality at the home. In return, Robison made full payment for the work.

22. Nicaud installed a defective roof, and he refused to correct the roof's numerous deficiencies.

23. Robison has been damaged by Nicaud's actions.

**B.  BREACH OF WARRANTY**

24. Robison incorporates by reference the allegations of the above-numbered paragraphs.

25. Nicaud provided a five year warranty for the roof he installed; however, he failed and refused to honor that warranty.

26. Robison has been damaged by Nicaud's actions.

**C.  BREACH OF IMPLIED WARRANTIES**

27. Robison incorporates by reference the allegations of the above-numbered paragraphs.

28. Nicaud has breached the implied warranty of fitness for a particular purpose, as the roof he installed was defective and did not protect the home's interior from damage.

29. Robison has been damaged by Nicaud's actions.

### D.  NEGLIGENCE AND GROSS NEGLIGENCE

30. Robison incorporates by reference the allegations of the above-numbered paragraphs.

31. Nicaud was under a duty to exercise reasonable care in the preparation, planning, and installation of the roof and during subsequent repair work to the roof.

32. Notwithstanding the aforesaid duty, Nicaud was negligent in performing his work and failed to use an ordinary degree of care expected of a person in a like circumstance.

33. Nicaud's failure created an unreasonable and foreseeable risk of harm to Robison.

34. Robison has suffered damages as a result of Nicaud's failures.

35. Nicaud's failures amount to negligence, gross negligence, and recklessness for which Robison is entitled to recover.

## V.
## JURY DEMAND

36. Robison demands a trial by jury.

## VI.
## AD DAMNUM

WHEREFORE, plaintiff Joe Robison respectfully demands judgment in his favor and against defendant Matthew Joseph Nicaud individually and doing business as Precision Roofing and Construction as follows:

  a. That Nicaud be held liable for the actions set forth above in order to compensate Robison for all damages, costs, and expenses suffered as a result of the above;

  b. That Robison be awarded his reasonable attorneys' fees, litigation expenses, and court costs;

  c. That Robison be awarded pre-judgment and post-judgment interest on all such accounts; and

  d. That Robison be awarded such other and further additional and general relief the Court may deem just and proper.

WHEREFORE, PREMISES CONSIDERED, Robison respectfully requests that this Court enter judgment in his favor, with all attorneys' fees, and costs, in an amount exceeding $150,000.00, exclusive of interest and costs.

         Respectfully submitted,

         /s/ Charles E. Winfield
         Charles E. Winfield
         Miss. Bar No. 10588
         cwinfield@winfieldlawfirm.com
         THE WINFIELD LAW FIRM, P.A.
         224 East Main Street
         Post Office Box 80281
         Starkville, Mississippi  39759
         Telephone:  (662) 323-3984
         Facsimile:  (662) 323-3920